## Case No. 13,842.

### In re TERTELLING.

[2 Dill. 339.] [1]

Circuit Court, D. Kansas. 1872.

BANKRUPTCY — HOMESTEAD EXEMPTION — CONSTITUTION OF KANSAS CONSTRUED—CHOICE OF ASSIGNEE—WHO MAY VOTE.

1. The constitution of Kansas provides that "a homestead to the extent of one acre in an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempt from forced sale under any process of law." [Article 15, § 9.] Held, that the whole house occupied as a home by the bankrupt debtor was exempt, though a portion of it may be used, and may have been constructed with a view to be used for a brewery.

[Cited in Re McKenna, 9 Fed. 35.]

[Cited in Hogan v. Manners, 23 Kan. 551; Bebb v. Crowe, 39 Kan. 342, 18 Pac. 225; Hoffman v. Hill, 47 Kan. 611, 28 Pac. 624.]

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

2. Whether a block of stores or a brewery building upon the land, not part of the residence and not occupied by the family as a home, would be exempt, quære?

3. Mortgagee of a homestead may vote in the choice of an assignee in bankruptcy. (Per Delahay, J., note.)

[In review of the action of the district court of the United States for the district of Kansas.]

Petition by the bankrupt, Tertelling, for a review of an order of the district court in relation to property claimed by him as a homestead under the constitution of Kansas. The register reported to the court the following facts: "At the time of the commencement of proceedings in bankruptcy against said Tertelling, he was engaged in the business of manufacturing beer in Wyandotte, Kansas. He was the owner of a brewery, in which he carried on the business. He was also the owner of real estate there, described as lots one, two, three, four, five, six, and thirteen, in block seventy-one, in Wyandotte, an incorporated place, on which his brewery was situated—all of the lots being in the same enclosure, and constituting less than an acre of ground. He had been engaged in this business about three years. During all that time, previous to November or December, 1870, he, with his family, consisting of a wife and several children, had occupied a portion of the brewery building as their home. The portions so occupied by the family were the two north rooms in the first story and the second story. The remainder of the brewery building, to-wit, the south rooms in the first and second stories, the basement, sheds, vaults, and ice house, were used for the purpose of carrying on the brewery business, some portions of them occasionally for the storing of vegetables, but mainly in the business of brewing. There was also a stable on the premises used by him for keeping his horses, cows, &c. There was a small house on lot thirteen, which had been rented to other parties by him. In November or December, 1870, Tertelling, with his family, moved into the small house on lot thirteen. His object in moving was to enable him to put a new roof upon the brewery building, and he moved with the intention of returning after he should put on the new roof. Having done so, he returned, and was living in the brewery when these proceedings were commenced."

The register found, as conclusions of law from the facts aforesaid, that "Tertelling is entitled to a homestead in the premises known as the brewery building—that is to say, in the two north rooms in both the first and second stories, and in the other portions of said lots one, two, three, four, five, and six, in block seventy-one, not covered and occupied with the other portion of said brewery building and the sheds, cellars, arched vaults, and ice house, connected

therewith, but that the south rooms in both the first and second stories, the basement of the building, the cellars, arched vaults, and ice house, and said lot thirteen and the house thereon, are not a part of such homestead, and are not exempt from seizure on execution."

The report of the register was confirmed by the district court and an order entered accordingly, to which the bankrupt excepted, and to reverse which the present petition is brought.

Cobb & Bartlett, for bankrupt.
Cook, Sharp & Britton, for assignee.

DILLON, Circuit Judge. The bankrupt act exempts property to an amount not exceeding that allowed by state exemption laws in force in the year 1864 (section 14). The constitution of the state of Kansas in force in 1864, as well as at the present time, provides: "That a homestead to the extent of one acre within the limits of an incorporated town or city, occupied as a residence by the family of the owner, together with all the improvements on the same, shall be exempted from forced sale under any process of law." Article 15, § 9. The correctness of the facts found by the register is not disputed, and that the bankrupt is entitled to a homestead exemption in the brewery building, so called, is admitted. The question is whether the court below was right in dividing the same building into two portions, the one portion being considered a homestead, and exempt, and the remainder not a homestead, and therefore subject to execution and forced sale. The constitutional provision respecting the homestead exemption is exceedingly liberal to the debtor; but it may admit of some doubt whether it is just towards the creditor. The quantity of land exempted is limited, but there is no limitation on the value of the land exempted, or the value of the (homestead) improvements thereon. If the building is occupied as a residence by the family of the owner it is exempt, whatever its value. The building now in question was thus occupied, and it is all exempt, though a portion of it may have been devoted to other uses. We do not decide that in addition to the house occupied as a homestead and separate from it, the owner could erect upon the same acre upon which his residence is situated a block of stores, or a brewery building (not occupied by the family as a home), and hold it as exempt. No such case is before us. We only hold that the whole house occupied as a home is exempt, though a portion of it may be used, and may have been constructed with a view to be used for other purposes. We have examined the cases referred to by counsel, arising under the homestead legislation of other states. These turn upon special statute provisions, and afford little aid in construing the constitutional exemption in

this state. We are of opinion, upon the facts reported by the register, that the entire building is exempt from forced sale.

The order of the district court is reversed. Reversed.

NOTE. Homestead exemption laws as impairing the obligation of contracts: Gunn v. Barry, 15 Wall. [82 U. S.] 610; Martin v. Hughes, 67 N. C. 293; Poe v. Hardie, 65 N. C. 447. May be exempt, though a portion of the building is occupied for business purposes: Orr v. Shraft, 22 Mich. 260. What use essential to constitute homestead: Coolidge v. Wells, 20 Mich. 79; Gary v. Eastabrook, 6 Cal. 457; Rhodes v. McCormick, 4 Iowa, 368; Philleo v. Smalley, 23 Tex. 498; 1 Am. Law Reg. (N. S.) 641 et seq. Mortgagee of homestead may vote in the choice of an assignee in bankruptcy. In Re Stillwell [Case No. 13,448], District Judge Delahay decided, after an examination of sections 13, 20, and 22 of the bankrupt act [of 1867 (14 Stat. 522, 526, 527)], that "a creditor having a mortgage upon the homestead of the bankrupt has the right to prove his demand and vote on the choice of an assignee in bankruptcy." He denied the correctness of the broad statement of the rule in Bump, Bankr. (4th Ed.) 123, "that a secured creditor cannot vote;" and he added that he was "unable to see how the fact that the mortgage was upon the homestead instead of other property could change the construction to be given to the act."